UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| SUPERIOR BATTERY MANUFACTURING COMPANY, INC., a Kentucky corporation, | : : : : | |
| **Plaintiff,** | : : | |
| v. | : : | CIVIL ACTION NO.: 1:14-CV-14-JHM |
| SUPERIOR BATTERY, INC., an Illinois corporation, | : : : | |
| **Defendant.** | : : | |

## PLAINTIFF'S MOTION TO SHOW CAUSE FOR CONTEMPT

Plaintiff Superior Battery Manufacturing Company, Inc. ("Plaintiff"), by and through counsel, respectively moves this Court to exercise its inherent power to sanction parties by setting a contempt hearing and requiring Defendant Superior Battery, Inc. ("Defendant") to show cause why it should not be held in contempt for failing to comply with the Court's Order of May 30, 2014. [Docket No. 14].

## FACTUAL BACKGROUND

Plaintiff brought this action on January 28, 2014, seeking redress under the Lanham Act for trademark infringement under 15 U.S.C. § 1114(a) and false designation of origin under 15 U.S.C. § 1125(a) based on Defendant's unauthorized use of the confusingly similar SUPERIOR mark and trade name Superior Battery Inc., to identify batteries and in association with battery-related services. [Docket No. 14].  After agreeing to extend the deadline for Defendant to

1

respond to the Complaint, Defendant failed to serve an Answer to the Complaint or enter an appearance in this action.  Thus, Plaintiff filed a Motion for Clerk's Entry of Default on May 13, 2014, which the clerk entered on May 19, 2014.  [Docket Entry Nos. 11 and 12].

Subsequently, after Defendant failed to respond to the Clerk's Entry of Default, Plaintiff moved for default judgment and injunctive relief.  Specifically, Plaintiff requested that default judgment be entered on its claims for: (1) trademark infringement under 15 U.S.C. § 1114(1); and (2) unfair competition under 15 U.S.C. § 1125(a).  Plaintiff further requested a permanent injunction against Defendant to prevent further trademark infringement and false designation of origin or sponsorship/false advertising and an order for Defendant to compensate Plaintiff for its attorneys' fees and costs incurred for prevailing in this Action.  [Docket No. 13].

On May 30, 2014, the Court entered an Order granting entry of default judgment against Defendant. [Docket No. 14].  In the Order, the Court awarded Plaintiff $10,993.82 in attorney fees and costs and permanently enjoined Defendant from:

> (1) imitating, copying, duplicating, or otherwise making unauthorized use of SUPERIOR®, SUPERIOR & design® or any version thereof, in connection with the description, marketing, promotion, advertising, sale, or offer for sale of any goods or services, as a trade name, domain name, or otherwise;
>
> (2) using any false designation of origin or description that can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any product or service advertised, promoted, offered or sold by Defendant is sponsored, endorsed, connected with, approved, or authorized by Plaintiff;
>
> (3) causing likelihood of confusion or injury to Plaintiff's business reputation and to the distinctiveness of the mark SUPERIOR®, SUPERIOR & design® or the trade name Superior Battery Manufacturing, Inc.;
>
> (4) engaging in any other activity constituting unfair competition or infringement of the mark SUPERIOR®, SUPERIOR & design® or the trade name Superior

2

Battery;

(5) destroying or otherwise disposing of any infringing products or advertisements, or any documents pertaining to them or their acquisition or to any sales or transfer heretofore made; and

(6) assisting, aiding, or abetting any person or entity in engaging or performing any activity enumerated in paragraphs (1) – (5).

After entry of the Order, Defendant continued to operate a website at the domain name <superiorbatteryinc.com> in direct contravention of the Court's Order. As a result, Plaintiff filed a Complaint in accordance with the Uniform Domain Name Dispute Resolution Policy (UDRP) before the National Arbitration Forum (NAF) on August 6, 2014. The Complaint sought transfer of the domain name <superiorbatteryinc.com> to Plaintiff because: (1) the domain name was identical or confusingly similar to a trademark or service mark in which Plaintiff had rights; (2) Defendant had no rights or legitimate interests in respect of the domain name; and (3) the domain name had been registered and used in bad faith. The NAF served the Complaint on Defendant on August 7, 2014, and set a deadline of August 27, 2014, for responding. After Defendant failed to respond, the NAF found that Plaintiff had established each of the three elements discussed above and ordered the transfer of the domain name.

Even after the domain name was transferred, Defendant continued to violate the Court's Order by its unauthorized use of the SUPERIOR mark and the Superior Battery trade name. Specifically, Defendant continues to operate in Illinois as evidenced by its Certificate of Good Standing, which shows Defendant most recently filed its annual report on March 19, 2021. **See Exhibit 1**. Furthermore, the Illinois Environmental Protection Agency (EPA) recently alleged that Defendant "has caused, threatened, or allowed the discharging of contaminants to the air and

3

water, and disposed or abandoned waste at an unregulated facility" as a result of a lithium battery

fire at Defendant's facility in Morris, Illinois.  **See Exhibit 2**.  This fire produced smoke with

potentially dangerous particulates and prompted an evacuation order by local authorities of about

1,000 homes.  Defendant's unauthorized use of the trade name Superior Battery, Inc. has caused

the public to mistakenly believe that Plaintiff was responsible for the fire.  The negative media

attention resulting from the fire has caused injury to Plaintiff's business reputation and goodwill.

## ARGUMENT

Courts have the inherent power to enforce orders by holding disobedient parties in

contempt.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).  The Sixth Circuit has

commented on this "broad contempt power":

> Federal courts have broad contempt power, which exists for "the preservation of
> order in judicial proceedings, and to the enforcement of the judgments, orders,
> and writs of the courts."  One of the "underlying concern[s] that gave rise to the
> contempt power," and the most salient reason for invoking it, is the "disobedience
> to the orders of the Judiciary."

*Brown v. City of Upper Arlington*, 637 F.3d 668, 671 (6th Cir. 2011) (quoting *Young v. U.S. ex*

*rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987)).  While "[n]o one thus doubts that a court

may punish parties for 'willful disobedience of a court order,'" *id.* (quoting *Roadway Express,*

*Inc. v. Piper*, 447 U.S. 752, 766 (1980)), "[w]illfulness is not an element of civil contempt, so the

intent of a party to disobey a court order is 'irrelevant to the validity of a contempt finding.'"

*Rolex Watch USA, Inc. v Crowley*, 74 F.3rd 716, 720 (6th Cir. 1996) (quoting *In re Jacques*, 761

F.2d 302, 306 (6th Cir. 1985)).  To be held in contempt, it must be established by clear and

convincing evidence that the party violated an order of the court "requiring [them] to perform or

4

refrain from performing a particular act or acts with knowledge of the court's order." *Id.* (quoting *NLRB v Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)).

This Court has the power to impose a wide range of contempt sanctions to force compliance with its Orders. At one end of the spectrum, the Court has the power to imprison the contemnor until the contempt is purged. *U.S. v. Conces*, 507 F.3d 1028, 1043-1044 (6th Cir. 2007). At the other end of the spectrum, the Court may fashion a sanction that will cure the violation of its orders, such as an award of monetary damages to other party. *See In re Jacques*, 761 F.2d at 305-06.

The contempt power is frequently exercised in trademark infringement matters where a party refuses to cease, or resumes, the infringing behavior. *See CFE Racing Products, Inc. v. BMF Wheels, Inc.*, 793 F.3d 571, 599 (6th Cir. 2015) (holding district court's order holding defendant in contempt for failing to withdraw advertising bearing an infringing logo design by the date specified in injunction was not abuse of discretion); *Innovation Ventures, LLC v. N2G Distributing, Inc.*, 763 F.3d 524, 544 (6th Cir. 2014) (affirming district court's finding of contempt because defendant's modified products were confusingly similar to plaintiff's protected mark in violation of the permanent injunction). Here, in blatant disregard of the Court's Order, Defendant has neither ceased using Plaintiff's SUPERIOR mark and the Superior Battery trade name nor paid the ordered attorney's fees and costs to Plaintiff.

In this case, the validity and lawfulness of the Court's Order has never been challenged. Moreover, the dictates of the permanent injunction set forth in the Order are clear and unambiguous. Finally, Defendant had the ability to comply with the permanent injunction set

forth in the Order.  Indeed, the injunction is not one requiring affirmative behavior that might arguably be impossible to effect.  Rather, the injunction simply required Defendant to refrain from offending behavior, i.e., cease using Plaintiff's mark and similar trade name, which should be have been especially easy once Defendant's domain name was transferred to Plaintiff.  For at least these reasons,  Plaintiff has met its burden in establishing by clear and convincing evidence that Defendant violated an order of this Court by doing exactly what this Court enjoined it from doing.

When a movant establishes a *prima facie* case for contempt based on the violation of a court order, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003).  To meet this burden, "a defendant must show categorically and in detail why he or she is unable to comply with the court's order."  *Rolex Watch*, 74 F.3d at 720.  Defendant is in no position to meet this burden as no one forced Defendant to continue using Plaintiff's SUPERIOR mark and the Superior Battery trade name.  Although no evidence exists to establish why Defendant could not refrain from the offending behavior, Defendant should have to account for its flagrant disregard of the Court's Order and the consequences of its decision to do so in light of the damage to Plaintiff's business and reputation.

6

## CONCLUSION

For all of the above-stated reasons, Plaintiff moves the Court to set a contempt hearing so that Defendant may show cause as to why it should not be held in contempt of this Court's Order dated May 29, 2014, and to pay appropriate damages.

Respectfully submitted,

s/ Marshall R. Hixson
Marshall R. Hixson
Trevor T. Graves
STITES & HARBISON PLLC
250 West Main Street, Suite 2300
Lexington, Kentucky 40507-1735
Telephone: (859) 226-2300
Email: mhixson@stites.com
        tgraves@stites.com

COUNSEL FOR PLAINTIFF

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2021, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court for the Western District of Kentucky, using the electronic case filing system of the court.  I further certify that on this date I served a copy of the foregoing via United States Mail, First Class, postage prepaid, upon the following:

Superior Battery, Inc.
Sharon Wong – Registered Agent
2301 S. Archer Ave., Suite 3
Chicago, Illinois 60616

Superior Battery, Inc.
Jin Zheng – President
747 East Street
Morris, Illinois 60450

Kevin A. Thompson
Davis McGrath LLC
125 S. Wacker, Suite 1700
Chicago, Illinois 60606
COUNSEL FOR DEFENDANT

s/ Marshall R. Hixson
COUNSEL FOR PLAINTIFF

790485:2